UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUSTAVO ALVIZAR,

    Petitioner,
    v.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 3:18-cv-00425-HDM-CBC

ORDER DENYING MOTION TO DISMISS (ECF No. 10)

I.    Introduction

This action is a petition for writ of habeas corpus by Nevada prisoner Gustavo Alvizar. The respondents have filed a motion to dismiss. The Court will deny the motion to dismiss and will set a schedule for Respondents to file an answer.

II.    Background

On November 1, 2013, Alvizar pled guilty, in Nevada's Second Judicial District Court (Washoe County), to one count of second-degree murder. *See* Guilty Plea Memorandum, Exh. 19 (ECF No. 11-19); Transcript of Proceedings, November 1, 2013, Exh. 21 (ECF No. 11-21). On January 14, 2014, Alvizar was sentenced to life in prison with the possibility of parole after ten years. *See* Transcript of Sentencing, Exh. 28 (ECF No. 11-28). The judgment of conviction was entered that same day. *See* Judgment, Exh. 27 (ECF No. 11-27).

Alvizar filed a notice of appeal on April 8, 2014. *See* Notice of Appeal, Exh. 29 (ECF No. 11-29). On July 23, 2014, the Nevada Supreme Court denied the appeal as untimely. *See* Order Dismissing Appeal, Exh. 37 (ECF No. 12-7).

| | |
|---|---|
| 1 | Alvizar filed a petition for writ of habeas corpus in the state district court on |
| 2 | July 21, 2014. *See* Petition for Writ of Habeas Corpus, Exh. 35 (ECF No. 12-5). Counsel |
| 3 | was appointed for Alvizar, and with counsel Alvizar filed a supplemental habeas petition |
| 4 | on February 11, 2015. *See* Supplemental Petition for Writ of Habeas Corpus, Exh. 55 |
| 5 | (ECF No. 12-25). The state district court held an evidentiary hearing on October 24, |
| 6 | 2016. *See* Transcript of Evidentiary Hearing, Exh. 65 (ECF No. 13-5). The state district |
| 7 | court then denied Alvizar's petition on February 6, 2017. *See* Order Denying Petition |
| 8 | and Supplemental Petition, Exh. 66 (ECF No. 13-6). Alvizar appealed, and the Nevada |
| 9 | Court of Appeals affirmed on April 11, 2018. *See* Order of Affirmance, Exh. 86 (ECF No. |
| 10 | 13-26). |

This Court received Alvizar's *pro se* federal habeas corpus petition for filing, initiating this action, on August 31, 2018 (ECF No. 4). Alvizar's petition includes the following claims:

> Ground 1: Alvizar's federal constitutional rights were violated as a result of ineffective assistance of counsel because his trial counsel did not properly advise him regarding the possibility of an appeal and did not file a notice of appeal on his behalf. *See* Petition for Writ of Habeas Corpus (ECF No. 4), pp. 3-4.
>
> Ground 2: Alvizar's federal constitutional rights were violated as a result of ineffective assistance of counsel because his trial counsel failed to adequately investigate his case before he pled guilty. *See id.* at 5-6, 10.
>
> Ground 3: Alvizar's federal constitutional rights were violated as a result of ineffective assistance of counsel because his trial counsel had a conflict of interest with respect to Alvizar's request to withdraw his guilty plea, because his trial counsel did not secure appointment of separate counsel with respect to his request to withdraw his guilty plea, because his trial counsel did not properly advise him with respect to his request to withdraw his guilty plea, and because his trial counsel did not challenge or correct the trial court's mischaracterization of the sentence he could receive if he withdrew his guilty plea. *See id.* at 7-8, 11.

On January 30, 2019, Respondents filed a motion to dismiss (ECF No. 10), contending that part of Ground 3 is unexhausted in state court. Alvizar did not respond to the motion to dismiss.

1  III.    Discussion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Respondents characterize as a separate sub-claim Alvizar's claim in Ground 3 that his trial counsel was ineffective for "allowing the trial judge at that hearing to 'misinform Petitioner that he could get (17) seventeen life sentences, the gang enhancement, or the death penalty, when in fact there was no gang enhancement nor were there multiple life sentences.'" *See* Motion to Dismiss (ECF No. 10), p. 3 (quoting Petition for Writ of Habeas Corpus (ECF No. 4), pp. 7-8, 11). Respondents go on to argue that this part of Ground 3, which they designate Ground 3(C), is unexhausted in state court; Respondents' argument in this regard, in its entirety, is as follows:

> In this case, Alvizar failed to properly exhaust Ground 3(C) of his federal claims. In his opening brief to the Nevada Supreme Court, Alvizar did not allege that trial counsel was ineffective when the trial court at the plea withdrawal hearing allegedly misinformed Alvizar that he could receive seventeen life sentences, a gang enhancement, or the death penalty. ECF No. 4 at 7.
>
> Accordingly, Nevada's highest court did not have any opportunity to consider this claim, much less "correct [any] asserted constitutional defect." [*Lounsbury v. Thompson*, 374 F.3d 785, 788 (9th Cir. 2004)]. Because this claim was not exhausted, this Court should dismiss Alvizar's petition.

Motion to Dismiss (ECF No. 10), p. 4.

1    The Court finds Respondents' argument to be without merit. As an initial matter, the Court finds that Respondents unfairly parse the three grounds for relief in Alvizar's *pro se* petition into sub-claims. The Court reads Alvizar's petition to include three claims, identified as Grounds 1, 2 and 3, and described above. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (Federal courts are to liberally construe *pro se* prisoner habeas petitions); *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993) (same). Moreover, Alvizar did fairly present to the Nevada appellate court, as part of his claim in Ground 3 in this case, his contentions that the trial court mischaracterized the sentence he could receive if he withdrew his guilty plea and that his trial counsel did not challenge or correct the trial court's mischaracterization. *See* Appellant's Opening Brief, Exh. 78, pp. 14-15 (ECF No. 13-18, pp. 22-23). The Court finds that Ground 3 is, in its entirety, exhausted in state court.

IV.    Conclusion

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that, within 90 days from the date of this order, Respondents are to file an answer, responding to the claims in the habeas petition.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered September 6, 2018 (ECF No. 3) will remain in effect – that is, Petitioner will have 60 days for file a reply to Respondents' answer.

DATED:  July 1st, 2019.

*Howard D. McKibben*

HOWARD D. McKIBBEN,
UNITED STATES DISTRICT JUDGE

4