UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUSTAVO ALVIZAR,

    Petitioner,
      v.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 3:18-cv-00425-HDM-CBC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 15)

This action is a *pro se* petition for writ of habeas corpus by Gustavo Alvizar. On November 1, 2013, Alvizar pled guilty, in Nevada's Second Judicial District Court (Washoe County), to one count of second-degree murder, and he was sentenced to life in prison with the possibility of parole after ten years. *See* Guilty Plea Memorandum, Exh. 19 (ECF No. 11-19); Transcript of Proceedings, November 1, 2013, Exh. 21 (ECF No. 11-21); Transcript of Sentencing, Exh. 28 (ECF No. 11-28); Judgment, Exh. 27 (ECF No. 11-27).

After an unsuccessful direct appeal and petition for writ of habeas corpus in state court, Alvizar initiated this federal habeas corpus action on August 31, 2018 (ECF No. 4). On January 30, 2019, Respondents filed a motion to dismiss (ECF No. 10), contending that part of one of Alvizar's claims is unexhausted in state court. In an order entered July 2, 2019, the Court denied that motion and directed Respondents to file an answer by September 30, 2019. *See* Order entered July 2, 2019 (ECF No. 14).

On July 15, 2019, apparently with the assistance of another incarcerated individual, Alvizar filed a motion for appointment of counsel (ECF No. 15). In that motion, Alvizar contends that he is illiterate, and needs counsel in order to litigate this action. "Indigent state prisoners applying for habeas corpus relief are not entitled to

1

appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. The Court has examined Alvizar's petition and has reviewed the record, and determines that, under the circumstances of this case, at least at this time, appointed counsel is not necessary to prevent a due process violation and is not warranted in the interests of justice. The petition sets forth Alvizar's claims in a relatively clear manner. All his claims are exhausted in state court. This case is not complex. The Court will be able to resolve Alvizar's claims, on their merits, without further briefing by Alvizar, after Respondents file their answer. Alvizar will have 60 days to file a reply after Respondents' file their answer, if he wishes to do so, but the reply is not necessary for the resolution of this action. *See* Order entered September 6, 2018 (ECF No. 3).) There is no showing at this time that Alvizar necessarily needs counsel in order to complete his litigation of this action.

Determining that appointment of counsel is unwarranted at this time. Therefore, the Court will deny Alvizar's motion for appointment of counsel. This, however, is without prejudice to Alvizar again moving for appointment of counsel after Respondents file their answer, if Alvizar then believes that he needs counsel, and the Court may revisit the question of appointment of counsel, at that time, in light of the answer.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 15) is **DENIED** without prejudice.

DATED THIS 9th day of August, 2019.

*Howard D. McKibben*

HOWARD D. McKIBBEN,
UNITED STATES DISTRICT JUDGE

2